Preston, J.,
dissenting. The authorities cited and reasoning presented by Judge Rost, bring me to the conclusion which he has adopted, that the prim cipal of the price of the property sold in this case was $100,000, and that notes, the aggregate sum of which amount to $73,500, were given by the defendant, for interest for the delay or terms of payment granted by the act of sale.
For the principal of the price, twenty notes of $5000 each were given, payable at from one to twenty years. And as the purchaser agreed to pay seven per cent interest on the price, - payable in advance, notes for this interest were given, to fall due at the beginning of each year, and were an indemnification for the delay of payment only in case the installments of the principal were punctually paid. Therefore, the purchaser agreed in the notes given for the installments of the principal, to pay ten per cent interest after their maturity, until they were paid.
At the time the contract was made, our laws admitted the stipulation of ten per cent conventional interest. There was nothing illegal, therefore, in agreeing to receive seven per cent interest upon the price of the property, if punctually paid, according to the terms of sale, and ten per cent interest on the installments, if not paid at maturity, until payment. Indeed, it is very common in sales, or in other obligations, to contract for a higher interest, if the obligor should be in default in complying with his obligations, than the rate of interest for the terms of payment agreed upon. Thus, the Union Bank is allowed by her charter to charge seven per cent interest upon her loans; but to exact ten per cent if the borrower is in default in paying up his installments.
The notes given for the price of the property must, therefore, bear interest at the rate of ten per cent from maturity until paid, as expressed on the face of them; because the agreement to pay the same is not prohibited by law.
The notes given for interest at seven per cent, payable in advance, must in like manner be paid, because there was nothing illegal in contracting for it.
But these notes given for the interest, were also to bear ten per cent interest, if not paid at maturity. Our code declares, that interest upon interest cannot be recovered, unless it be added to the principal, and by another contract be made a new debt. The interest upon the interest notes cannot, therefore, be recovered.
It is urged, that this stipulation for compound interest vitiates the whole contract for interest. Our statute does not say so, but merely refuses an action for the compound interest. “It cannot be recovered.” “No stipulation to that effect in the original contract is valid.” That is, the contract for interest upon the interest is invalid; plainly implying, that the contract for the interest itself is valid. And indeed, if the contract for interest upon interest be made after it becomes due, the contract may be enforced in our courts. This shows that *622 there is nothing immoral or unconscionable in the contract, for it cannot be immoral or not according to the time of making it. It could be enforced in England, though made in the original contract, notwithstanding the statutes of England prohibited all degrees of usury; and considered it a most unconscionable and sinful practice. 2 Hen, Black. 144. 47 Rep. 613. I cannot see any reason of public policy or interest militating against enforcing such a contract, as far as it is legal on its face.
It is urged, that the whole contract conflicts with article 2895 of the code, declaring that the amount of conventional interest cannot exceed ten per cent. But the contract and notes enable the court clearly to see by the writing itself, those parts which are legal and equitable, and which should be enforced ; and that part for which the law gives no action. And in this respect the case is entirely different from that of Heed against Duncan, 1st Ann. 265; in which this court held that the convention for usurious interest being a whole, the nullify resulting from a prohibitory law covered the whole contract.
In my opinion, therefore, the notes given for the principal, or price of the property, should, in pursuance of the contract on their face, bear ten per cent interest from maturity, until paid.
The notes given for the interest should be recovered, but without the interest of ten per cent stipulated on their face, which the code declares cannot be recovered.